UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ANTHONY BRIAN MALLGREN,

                         Plaintiff,           **MEMORANDUM & ORDER**
                                               13-CV-2477 (MKB)
       v.

SPRINT NEXTEL CORPORATION,

                         Defendant.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Anthony Brian Mallgren, proceeding *pro se*, brought this action against Defendant Sprint Nextel Corporation on April 23, 2013, concerning a dispute over the ownership of a mobile telephone. His application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. As set forth below, because the Court lacks subject matter jurisdiction, the Complaint is dismissed.

**I. Background**

       Plaintiff's lengthy litigation history is recounted in this Court's March 11, 2014 Memorandum and Order in *Mallgren v. American Psychiatric Association, et al.*, No. 13-CV-2211, slip op. (E.D.N.Y. March 11, 2014) (dismissed for failure to state a claim). By Orders dated May 2, 2013 in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren v. John Doe Corporation*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466, Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court.

The instant Complaint alleges a dispute with Defendant over the ownership of a mobile telephone. Plaintiff alleges that he purchased an Apple iPhone with a two-year contract agreement from Defendant. (Compl., "Statement of Claim" ¶ 1.) He states that he stopped making payments on the contract, that his telephone service was suspended, and that Defendant charged an early termination fee to his account. (*Id.* ¶¶ 2–3.) Plaintiff states that he subsequently attempted to sell the telephone, but was unable to do so, because it was still linked to his account, and thus had no value to another user. (*Id.* ¶¶ 4–5.) Plaintiff alleges that Defendant informed him that the remaining balance owed on his account had been sold to an outside debt collector. (*Id.* ¶ 7.) Plaintiff asserts that this action "seemingly nett[ed] the [D]efendant a positive asset balance from the transaction without any equitable consideration for doing so." (*Id.*) He further asserts that this transaction violates "principles of equitable consideration in contract law" and violates "the reporting requirements of assets and liabilities for publicly owned companies." (*Id.* ¶ 8.) Plaintiff asserts injuries including "exponential effects" because he "relies on electronic automation for litigation efforts" and loss of "a significant amount of time, for which Mallgren could have been billing for at the usual rate of Mallgren." (Compl., "Injury" ¶¶ 1–3.) He seeks injunctive relief "in the form of regulation to be affected and effect which closes this financial elasticity loop whole [sic] from occurring to discontinue the run of fraudulently secured assets going unaccounted for on the balance sheets of publicly owned companies." (Compl., "Relief" ¶ 1.) He also requests that the telephone be released from the account and demands unspecified money damages. Plaintiff asserts the jurisdiction of this Court pursuant to Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q.

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g.*, *Monreal v. New York*, 518 F. App'x 11 (2d Cir. 2013) (affirming dismissal of *pro se* plaintiff's complaint for lack of subject matter jurisdiction); *Zito v. New York City Office of Payroll Admin.*, 514 F. App'x 26, 27 (2d Cir. 2013)

3

(same); *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

  b. **The Court Lacks Subject Matter Jurisdiction**

Plaintiff invokes Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q, but the Complaint fails to state a claim under the Securities Act. The cited provision prohibits material misstatements and omissions in any offer or sale of securities, as part of Congress' regulation of investments. *See Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 103 (2d Cir. 2012) (§ 77q "prohibits material misstatements and omissions in any offer or sale of securities"); *S.E.C. v. Edwards*, 540 U.S. 389, 393 (2004) ("Congress' purpose in enacting the securities laws was to regulate *investments,* in whatever form they are made and by whatever name they are called.") Plaintiff's Complaint does not allege any offer or sale of securities or other investment instruments that would fall under 15 U.S.C. § 77q. Moreover, this section of the securities law does not contain a private right of action that would allow private individuals to bring suit under its provisions. *Finkel v. Stratton Corp.*, 962 F.2d 169, 175 (2d Cir. 1992) (holding that "there is no private right of action under § 17(a)").

4

The Complaint fails to allege any other basis for this Court's jurisdiction. Plaintiff appears to be dissatisfied with the contract provisions for his cellular telephone service. His claims regarding the "principles of equitable consideration in contract law" and allegedly "fraudulently secured assets" may sound in state law, but are not within the jurisdiction of this Court.

The Court has also considered whether Plaintiff could assert diversity jurisdiction. He alleges that he is a resident of New York State and that Defendant is a resident of Kansas. However, he has not alleged that the claim meets the amount-in-controversy requirement necessary to invoke diversity jurisdiction. Liberally construing Plaintiff's claims, and acknowledging his claimed "exponential effects" on his litigation efforts, the Court is not satisfied that it is reasonably probable that he can recover more than $75,000 in this action. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (citation omitted)); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of [the minimum statutory jurisdictional amount.]" (alterations in original) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966))). As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for subject matter jurisdiction over this action.

### III. Conclusion

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court renews its warning to Plaintiff that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 12, 2014
       Brooklyn, New York